UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTHONY H. DALTON, III, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) No. 3:24-cv-01259 |
| v. | ) |
| | ) |
| COFFEE COUNTY JAIL, *Manchester, Tennessee*, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Anthony H. Dalton, III, an inmate of the Rutherford County Adult Detention Center in Murfreesboro, Tennessee has filed this pro se civil rights complaint under 42 U.S.C. § 1983 regarding the conditions of confinement at the Coffee County Jail in Manchester, Tennessee. (Doc. No. 1). Plaintiff also has filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2), a Motion to Appoint Counsel (Doc. No. 6), and a Motion for Leave to File an Amended Complaint (Doc. No. 8).

### I. APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Under the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application and supporting materials (Doc. No. 2), it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his Application (Doc. No. 2) is **GRANTED**.

Under Section 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides

1

prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby assessed the full $350 filing fee, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Rutherford County Adult Detention Center to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of

confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance with this Order.

## II. MOTION TO APPOINT COUNSEL

Next, Plaintiff has filed a Motion to Appoint Counsel. (Doc. No. 6). The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." Lassiter v. Dep't of Social Servs., 452 U.S. 18, 25 (1981). Thus, unlike in criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), aff'd, 595 F.2d 1227 (6th Cir. 1979); see Williamson v. Autorama, Inc., No. 91-5759, 947 F.2d 947 (6th Cir. 1991) (citing Willett favorably). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993).

In support of his request for the appointment of counsel, Plaintiff states that he is indigent, his imprisonment will greatly limit his ability to litigate, he has limited access to the law library, he has limited knowledge of the law, and he believes the issues in this case are complex. (Doc. No. 6 at PageID# 25-26). Plaintiff's circumstances are typical to most pro se prisoner plaintiffs. At this time, the Court finds that Plaintiff has not demonstrated exceptional circumstances warranting the appointment of counsel. Plaintiff has prepared multiple filings and is prosecuting his case in a competent manner. Thus, his Motion to Appoint Counsel (Doc. No. 6) is **DENIED WITHOUT PREJUDICE**. However, Plaintiff may renew his request later, if appropriate.

## III. MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiff has filed a Motion for Leave to File an Amended Complaint (Doc. No. 8) along with a proposed Amended Complaint (Doc. No. 7).

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Generally, courts have freely allowed amendment of pleadings barring substantial prejudice to the opposing party. Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1041 (6th Cir. 1991). There being no prejudice to the opposing party at this stage of the litigation, Plaintiff's Motion (Doc. No. 8) is **GRANTED**. The Amended Complaint (Doc. No. 7) is the operative pleading going forward.

## IV. PLRA SCREENING OF THE AMENDED COMPLAINT

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). Id. § 1915A(b).

In screening the complaint as required by these statutes, the court applies the same standard as under Federal Rule of Civil Procedure 12(b)(6). Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). The court accepts the "well-pleaded allegations in the complaint as true" and determines if those allegations "'plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). The

court holds a pro complaint to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted).

Plaintiff brings his complaint under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Panama Heights, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

Here, the Amended Complaint alleges that, on April 16, 2024, while incarcerated at the Coffee County Jail, Plaintiff was sexually assaulted by another inmate. The Amended Complaint further alleges that inmate was able to enter Plaintiff's cell because the door had not been secured and "correctional staff failed to maintain a safe and secure environment." (Doc. No. 7 at PageID# 30). According to the Amended Complaint, overcrowding caused "unsafe conditions that led to a sexual assault/rape." (Id. at PageID# 31). As relief, Plaintiff seeks a declaration "that the acts and omissions described [in his Amended Complaint] violated his rights under the Constitution," a preliminary and permanent injunction ordering the Coffee County Jail "to form proper policies and professional training," and compensatory damages in the amount of $1,000,000. (Id.)

Although the Amended Complaint's allegations may implicate Eighth Amendment concerns for which relief may be available under Section 1983, Plaintiff names only the Coffee County Jail as a Defendant. The Coffee County Jail is a building; it is not a "person" who can be sued under 42 U.S.C. § 1983. See Fuller v. Cocran, No. 1:05-CV-76, 2005 WL 1802415, at *3

(E.D. Tenn. July 27, 2005) (dismissing Section 1983 claims against the Bradley County Justice Center on the same basis); Seals v. Grainger County Jail, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983.").

Rather than dismiss the case, however, considering Plaintiff's pro se status and the seriousness of his allegations, the Court will give Plaintiff a chance to file a Second Amended Complaint identifying the individuals responsible for failure to protect Plaintiff from an alleged sexual assault and/or the conditions of Plaintiff's confinement. See LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013). Plaintiff may request free resources from the Court, such as the Court's Pro Se Handbook for Prisoner Civil Rights Actions, so long as the privilege is not abused.

## V. CONCLUSION AND INSTRUCTIONS TO PLAINTIFF

In summary, Plaintiff's IFP Application (Doc. No. 2) and Motion for Leave to File an Amended Complaint (Doc. No. 8) are granted. Plaintiff's Motion to Appoint Counsel (Doc. No. 6) is denied. The Amended Complaint is subject to dismissal for failure to name a viable defendant.

For this case to proceed, Plaintiff **MUST** file an amended complaint that identifies who was responsible for the alleged events/conditions described in the complaint. The amended complaint must be filed within **30 DAYS** of the date this Memorandum Opinion and Order is entered on the docket, and it must include the assigned case number, No. 3:24-cv-01259. If necessary, Plaintiff may request (in writing) more time to comply before the deadline expires.

If the Court receives an amended complaint, it will conduct a fresh screening to decide if Plaintiff states a claim for relief. If Plaintiff does not file an amended complaint, the Court will dismiss this case for failure to state a Section 1983 claim upon which relief can be granted.

Plaintiff is reminded that failure to promptly inform the Court of any change in address may result in dismissal of the case without further Order. M.D. Tenn. L.R. 41.01(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

7

Case 3:24-cv-01259    Document 9    Filed 06/23/25    Page 7 of 7 PageID #: 54